Filed 6/27/24  P. v. Tuggles CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097873 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F02470) |
| v. | |
| JOSHUA TUGGLES, | |
| Defendant and Appellant. | |

In 2006, a jury found defendant Joshua Tuggles guilty of first degree murder.  In 2020, defendant filed a petition for resentencing under Penal Code section 1172.6.[1]  The trial court denied the petition after an evidentiary hearing, and defendant appeals from that order of denial.  His appellate counsel filed a brief raising no arguable issues under

---

[1]  Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  Although defendant's petition refers to former section 1170.95, we will refer to section 1172.6 throughout this opinion.

1

*People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asks that we exercise our discretion to review the record for arguable issues on appeal. Having done so, we affirm.

BACKGROUND

After a trial in 2006, a jury found defendant guilty of first degree murder and found true an allegation that a principal was armed with a firearm during the commission of the murder.

At trial, witnesses testified about a series of interactions between defendant, codefendant Tyrone Mollett, the victim, and their respective groups of friends. As relevant here, the key issue was what role defendant played when codefendant shot the victim with a shotgun. Eugene Shands, a codefendant who testified for the prosecution as part of a plea agreement, said defendant gave codefendant Mollett a shotgun after Mollett said he would "go over there and blast them myself," in reference to the victim and his friends. Shortly thereafter, Mollett was arguing with the victim and defendant ran over to Mollett to hand him the shotgun again. Mollett shot the victim and the three fled, along with two others. Shands later confronted defendant and asked him why he brought a gun; defendant apologized, saying, "I don't know, Eugene, I am sorry, I am sorry." Other witnesses testified defendant had a shotgun that he kept in his room and had made comments about shooting down the victim's street and about the victim's death.

Defendant testified and denied bringing a shotgun when they confronted the victim. Defendant stayed with the car (a Bronco) while Mollett confronted the victim. After the shooting, Shands asked defendant if he brought the gun and defendant replied, "Hell no."

After conviction, defendant appealed and this court affirmed the judgment. (*People v. Tuggles et al.* (2009) 179 Cal.App.4th 339, 389.)

In 2020, defendant filed multiple petitions for resentencing under section 1172.6. The trial court issued an order to show cause and set an evidentiary hearing.

2

Defendant's mother testified at the evidentiary hearing. After the shooting, she recalled Shands asking defendant, "Did you bring the gun, a gun into my car?" and defendant replied, "Fuck no."

Defendant also testified at the hearing. Defendant had been good friends with the victim until a few weeks before the murder, when defendant was in a fight and his friends, including the victim, did not support him. He remembered his group arguing with the victim outside a liquor store in March 2005. Later, several members of the group were comparing guns, including a sawed-off shotgun. Defendant went outside to smoke a cigarette and Mollett came outside wearing a coat long enough to conceal the shotgun. Mollett walked down the street with two others, saying he would "do it his self, he'll go fight these dudes." He did not say he was going to shoot anybody or use a firearm. Defendant and Shands followed in a Bronco. They saw the victim walking with someone else.

Defendant and Shands picked up Mollett and the others; Mollett said he wanted to fight the victim, so they parked. Defendant stayed with the Bronco and lost sight of Mollett after Mollett got out and walked towards the victim. He denied leaving the Bronco and handing Mollett a shotgun. Defendant heard two shots and Mollett jumped in the Bronco, then threw a shotgun on the floor.

Defendant never owned a shotgun but did have a shotgun shell in his room because he liked to "collect random stuff." At trial, he did not have an explanation why there was a shotgun shell in his room (specifically, his closet). Defendant said the discrepancy was because he was afraid when he testified at trial and noted the shell found in his closet was a different gauge than used in the murder weapon.

Defendant said he never talked about killing the victim and trial testimony to the contrary were lies. Mollett shot the victim but had never talked about shooting the victim before.

The parties argued whether the trial court should credit defendant's testimony or the adverse testimony from trial. The trial court explained it was considering as an independent factfinder whether defendant could be found guilty of murder beyond a reasonable doubt and took the matter under submission.

The trial court denied defendant's petition in a written order, finding defendant guilty of first degree murder.

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting this court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief and he has not done so.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." *(Delgadillo* at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under Penal Code section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is

4

wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]" (*Delgadillo,* at p. 232.)  Consistent with *Delgadillo*, we exercised our discretion to conduct an independent review of defendant's case for any arguable issues.

After independently reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order is affirmed.

/s/                    
MESIWALA, J.

We concur:

/s/                    
DUARTE, Acting P. J.

/s/                    
WISEMAN, J.[*]

---

[*]  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.